IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Matthew A. Koole, | ) | No. CV 08-132-PHX-FJM (JCG) |
| | ) | |
| Petitioner, | ) | **REPORT & RECOMMENDATION** |
| | ) | |
| vs. | ) | |
| | ) | |
| Dora B. Schriro, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner, Matthew A. Koole, who is presently confined in the Meadows Unit of the Arizona State Prison Complex in Florence, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Guerin for Report and Recommendation. Before the Court are the Petition for Writ of Habeas Corpus ("Petition") (Doc. No. 1), Respondents' Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. No. 10) and Petitioner's Reply. (Doc. No. 18.) The Magistrate Judge recommends that the District Court deny the Petition.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 29, 2003, Petitioner drove through a stop sign, hitting two other cars and killing one of the drivers.[1] (Answer, Ex. A.) At the time of the accident, Petitioner's blood alcohol content was 0.127 percent. (*Id.*)

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "a determination of a factual issue made by a State court shall be presumed to be correct."

A grand jury charged Petitioner with one count of manslaughter and two counts of endangerment. (Answer, Ex. A.) On May 11, 2004, after a five-day trial in Maricopa County Superior Court, a jury found Petitioner guilty on all counts. (Answer, Ex. B.) On June 22, 2004, Petitioner was sentenced to an aggravated, enhanced term of 12.5 years' imprisonment for his manslaughter conviction and concurrent presumptive terms of 2.25 years for each of his endangerment convictions. (Answer, Ex. C.)

On February 11, 2005, Petitioner appealed his conviction to the Arizona Court of Appeals, arguing: (1) a fair evaluation of the lesser-included charge was impossible due to the jury instructions regarding voluntary intoxication that were given to the jury; and (2) Petitioner was sentenced in violation of *Blakely v. Washington*, 542 U.S. 296 (2004)[2], because a judge, not a jury, found that aggravating factors were present during sentencing. (Answer, Ex. D.)

On November 10, 2005, the Court of Appeals issued an Order noting a conflict between the sentences imposed during the oral pronouncement and the sentences imposed according to the minute entry. (Answer, Ex. F.) The Court of Appeals also noted that it was unclear from the trial court's record which, if any, aggravated factors the trial court relied upon. (*Id.*) The Court of Appeals re-vested jurisdiction of the case in the trial court for the purpose of permitting the trial court and the parties to settle the record with regard to the identified discrepancies. (*Id.*) On December 19, 2005, the trial court issued a minute entry stating that the sentences imposed in the trial court's minute entry were correct. (Answer, Ex. H.) The trial court also stated that it had no independent recollection of the aggravating factors relied upon. (*Id.*)

---

[2] In *Blakely,* the United States Supreme Court reaffirmed its holding, first expressed in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 542 U.S. at 301.

On February 24, 2006, Petitioner filed a supplemental appeal in the Arizona Court of Appeals, arguing that Petitioner's case be remanded to the trial court for a new trial in light of the errors in the trial court's record and the trial court's inability to recall which aggravating factors were relied upon. (Answer, Ex. E.) With respect to the *Blakely* claim, Petitioner asserted that no evidence supporting any aggravating factors appeared in the record and that "there was [sic] no aggravating factors presented that were sufficient to justify an aggravated sentence." (Answer, Ex. E, pgs. 6-7.)

On March 30, 2006, the Court of Appeals affirmed Defendant's conviction and sentence. (Answer, Ex. A.) The Court of Appeals found that the trial court had properly instructed the jury. The Court of Appeals also found that the trial court had substantially complied with the requirement that sentencing courts articulate the factors considered in aggravation and mitigation. (Answer, Ex. A.) Noting that the trial court lacked "independent" memory of the aggravators, the Court of Appeals based its conclusion on the trial judge's reference during the sentencing hearing to Petitioner's prior misdemeanor conviction for driving under the influence, harm Petitioner caused the victim's family and the remorse felt by Petitioner. (*Id*. at pg. 9-10 & n. 2.) The Court of Appeals concluded that the record established that Petitioner did have a prior DUI conviction and cited records from the Tempe Municipal Court that indicated that the Petitioner was represented at the proceeding. (*Id.* at p. 10 & n. 4.) The Court of Appeals also concluded that Petitioner's sentence did not violate *Blakely* because Petitioner's sentence was aggravated based on his prior DUI conviction, which did not need to be evaluated by a jury.

On April 27, 2006, Petitioner filed a Petition for Review in the Arizona Supreme Court, arguing that the Court of Appeals erred by allowing the trial court to aggravate a sentence with a prior misdemeanor conviction that was neither alleged as an aggravator nor proven in court nor evaluated by a jury as required by *Blakely*. (Answer, Ex. I.) The Arizona Supreme Court denied review on October 23, 2006. (Answer, Ex. J.)

1    Petitioner did not file any post-conviction relief proceedings pursuant to Rule 32,

2    Ariz. R. Crim. P.  (Answer, pg. 3.)

3    On January 22, 2008, Petitioner filed a Petition for Writ of Habeas Corpus in this

4    Court.  The Petition presents one ground for relief, containing many components, which

5    Petitioner states as follows:

> The aggravated sentence imposed on the manslaughter conviction herein
> violates the Sixth and Fourteenth Amendments as determined by *Blakely v.*
> *Washington*, 124 S.Ct. 2531 (2004).  Petitioner was sentenced to an aggravated
> term of 12.5 years on June 22, 2004.  *Blakely v. Washington* was decided on
> June 24, 2004, or two days later.  Therefore, the jury did not decide the factors
> used to aggravate the sentence.  Due to an error in the sentencing minute entry
> the Court of Appeals remanded the matter to the trial court for correction.  On
> December 19, 2005 the trial judge agreed that he did not have any aggravating
> factors that would allow him to find a *Blakely*-compliant factor had been used
> to aggravate the sentence, and that he could not recollect what aggravating
> factors were used to aggravate the sentence.  He then corrected the error in the
> record and affirmed that an aggravated 12 ½ year sentence had been imposed.
> The Court of Appeals affirmed the sentence on the grounds that the record
> supported an aggravated sentence because Petitioner had a prior misdemeanor
> conviction for DUI.  *See, State v. Koole*, Memorandum Decision at 10,
> paragraph 23.  The Arizona Supreme Court denied review on Petitioner's
> claim that the misdemeanor DUI conviction could not be used because it was
> not a felony conviction, nor was it alleged prior to trial, and there was no
> evidence introduced at trial or sentencing that the prior conviction even
> existed, as Petitioner did not testify.

(Doc. No. 1, pg. 4.)

## DISCUSSION

The Magistrate Judge recommends that the Petition be denied.  The components of

Petitioner's *Blakely* claim are either not exhausted or are without merit.

**A.    Exhaustion**

**1.    Legal Standard**

Ordinarily, before a federal court will consider the merits of a habeas petition, the

petitioner must exhaust the remedies available to him in state court.    28 U.S.C.

§2254(b)(1)(A); *Picard v. Connor*, 404 U.S. 270, 275 (1971).  First enunciated in *Ex parte*

*Royall*, 117 U.S. 241 (1886), the exhaustion requirement is designed "not to create a

procedural hurdle on the path to federal habeas court, but to channel claims into an

appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992). The requirement is grounded in principles of comity, and reflects a desire to protect state courts' role in the enforcement of federal law. *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citation omitted). The requirement is also based on a pragmatic consideration that fully exhausted claims will usually be accompanied by a complete factual record once they reach federal court. *Rose v. Lundy*, 455 U.S. 509, 519 (1982).

A petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254. *See Rose*, 455 U.S. at 519. A petitioner must have also presented his claim in a procedural context in which its merits will be considered. *See Castille*, 489 U.S. at 351. A habeas petitioner's claims may be precluded from federal review on exhaustion grounds in either of two ways. First, a claim may be procedurally defaulted in federal court if it was actually raised in state court but found by that court to be defaulted on state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). Second, the claim may be procedurally defaulted in federal court if the petitioner failed to present the claim in a necessary state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1. If a petitioner has procedurally defaulted a claim in state court, a federal court will not review the claim unless the petitioner shows "cause and prejudice" for the failure to present the constitutional issue to the state court, or makes a colorable showing of actual innocence. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992); *Murray v. Carrier*, 477 U.S. 478, 485 (1986).

**2.    Petitioner has exhausted only a portion of his *Blakely* claim**.

The Court reads the Petition as asserting that Petitioner's conviction violates *Blakely* in two ways: first, that *Blakely* applies only to prior *felony* convictions, not misdemeanor

- 5 -

convictions such as Petitioner's ("the Misdemeanor Claim"). Second, Petitioner asserts that even if *Blakely* applies to prior misdemeanor convictions, the trial judge in Petitioner's case had no evidence in the record from which to conclude that Petitioner had a prior conviction ("the Sufficient Evidence Claim"). Neither claim is a straight-forward *Blakely* claim. Petitioner is not simply arguing that his aggravating factors should have been found by a jury instead of a judge. In the Misdemeanor Claim, Petitioner is arguing for an exception within an exception – *ie.* that even if *Blakely* excludes prior convictions, it should be construed as excluding only prior *felony* convictions. In the Sufficient Evidence Claim, Petitioner is arguing that even if the trial judge was entitled to find the prior conviction as an aggravating factor, there is *no* evidence in the record to support such a finding.[3]

Respondents did not interpret the components of Petitioner's *Blakely* claim in the same manner. In their Answer, Respondents state generally that Petitioner exhausted his *"Blakely* claim" by raising it "in his opening brief to the Arizona Court of Appeals and in his petition for review to the Arizona Supreme Court." (Answer, pg. 5.) Respondents also conclude that Petitioner exhausted "his related claim that his sentence could not be aggravated with a prior misdemeanor conviction" by raising it in his petition for review to the Arizona Supreme Court. (*Id.*) Thus, Respondents construed Petitioner's claims as a

_____

[3] The Court arrives at this interpretation of Petitioner's Petition based on a close reading of page 4 of the Petition, Petitioner's petition for review to the Arizona Supreme Court and Petitioner's Reply. On page 4 of his Petition, Petitioner cites to his petition for review by the Arizona Supreme Court and argues that "the misdemeanor DUI conviction could not be used because it was not a felony conviction, nor was it alleged prior to trial, and there was no evidence introduced at trial or sentencing that the prior conviction even existed, as Petitioner did not testify." (Doc. No. 1, pg. 4.) In his petition for review, Petitioner argues: "the trial court never had a proven prior in front of the trial court. The State did not allege a prior pursuant to the aggravation statutes because they could not allege the prior ... [Petitioner] did not admit the prior on the stand ... [or] during sentencing... no witnesses were called to testify that would document the prior and no paperwork was admitted that would document the misdemeanor prior." (Answer, Ex. I, pg. 4.) Finally, in Petitioner's Reply, Petitioner alleges that "assuming, arguendo, that it was permissible to use Petitioner's prior misdemeanor conviction to increase his sentence, as a matter of law the evidence at sentencing was insufficient." (Doc. No. 18, pg. 3.)

straight-forward *Blakely* claim with a related argument regarding the applicability of *Blakely* to misdemeanor convictions.[4]  Respondents' waiver of their exhaustion defense was based upon this interpretation of the Petition.[5]

The Court disagrees with Respondents' exhaustion analysis and their conclusion that Petitioner exhausted "his *Blakely* claim" and "related claim."  The Court finds that Petitioner failed to properly exhaust the Misdemeanor Claim: Petitioner did not present the Misdemeanor Claim on appeal to the Arizona Court of Appeals or in a Rule 32 Petition.[6]  *See Castille*, 489 U.S. at 351 (stating that a petitioner must present his claim in a procedural context in which its merits will be considered).  Consequently, Petitioner has not fairly presented the Misdemeanor Claim and cannot raise that claim for the first time in federal

---

[4]In the "Merits" section of the Answer, however, Respondents combine the claims into one, arguing that "the state court did not unreasonably apply federal law in finding no *Blakely* violation when the trial court had evidence of a prior misdemeanor conviction before it."  (Answer, pg. 6.)

[5]Rule 5, Rules Governing Section 2254 Cases, provides that the answer to a habeas petition "shall state whether the petitioner has exhausted his state remedies."  Although Respondents bear the burden of raising an exhaustion defense, Respondents shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the Respondents, through counsel, "expressly waive the requirement."  *See* 28 U.S.C. § 2254(b)(3).  This Court has discretion to consider the issue of exhaustion despite the State's failure to interpose the defense at the district-court level.  *See Granberry v. Greer,* 481 U.S. 129, 133 (1987); *see also Day v. McDonough*, 547 U.S. 198, 208 (2006). Moreover, the court is required to "determine whether the interests of comity and federalism will be better served by addressing the merits forthwith or by requiring a series of additional state and district court proceedings before reviewing the merits of petitioner's claim."  *Granberry,* 481 U.S. at 134.  Given the record in this matter and the length of time the current Petition has been pending, the Magistrate Judge concludes that the interests of comity and federalism are best served by addressing both the defense of non-exhaustion and the merits and permitting the Petitioner the opportunity to address the issue of the lack of exhaustion through an objection to the Magistrate's findings.  *See* nt. 7, *infra*.

[6] The Court disagrees with Respondents' claim that Petitioner raised the Misdemeanor Claim in his petition for review to the Arizona Supreme Court.  The Court finds no mention of the argument that *Blakely* does not apply to misdemeanor convictions in the petition for review.  Moreover, a claim presented to but not considered on its merits by the Arizona Supreme Court, and not presented to the Court of Appeals, is not exhausted.  *See Castille*, 489 U.S. at 351.

court. *See Rose*, 455 U.S. at 519 (stating that a petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of habeas corpus claims pursuant to 28 U.S.C. § 2254). Petitioner is now precluded by Arizona Rules of Criminal Procedure 32.2(a)(3) and 32.4 from obtaining relief on the Misdemeanor Claim in state court absent an applicable exception, which Petitioner does not assert. *See* Ariz. R. Crim. P. 32.2(b); 32.1(d)-(h). The Misdemeanor Claim is technically exhausted but procedurally defaulted, absent a showing of cause and prejudice or a fundamental miscarriage of justice. There is no suggestion of cause and prejudice or a fundamental miscarriage of justice. In fact, Petitioner never denies the existence of his prior DUI conviction and Petitioner does not deny that even if the Court were to grant the writ and remand for re-sentencing, the prior conviction could be used as an aggravator to support an increased sentence.[7] Consequently, the Magistrate Judge recommends that the Petition be denied as to this claim.

The Magistrate Judge finds that Petitioner has – at least arguably – exhausted the Sufficient Evidence Claim. In his supplement on appeal, Petitioner argued that evidence of a prior conviction "[does] not appear to be present in the record." (Answer, Ex. E, pg. 6.) This argument was articulated more fully in Petitioner's petition for review by the Arizona Supreme Court. (Answer, Ex. I.) Accordingly, the Magistrate Judge concludes that the Sufficient Evidence Claim was properly exhausted and should be addressed on its merits.

//

//

---

[7]The Court notes, however, that because Respondents did not assert the exhaustion defense in their Answer, Petitioner did not have an opportunity to argue "cause and prejudice" for the failure to present the constitutional issue to the state court, or make a colorable showing of actual innocence. Petitioner is therefore advised that, in addition to any objection to this report and recommendation's finding that Petitioner failed to exhaust the Misdemeanor Claim, he may also present a cause and prejudice and/or actual innocence defense for his failure to exhaust the Misdemeanor Claim.

**B.    Merits**

     **1.    Legal Standard**

On habeas review, a state court's findings of fact are entitled to a presumption of correctness when fairly supported by the record. *Wainwright v. Witt*, 469 U.S. 412, 426 (1985). The presumption of correctness also applies to a state appellate court's findings of fact. *Sumner v. Mata*, 449 U.S. 539, 546 (1981). The question presented in a state prisoner's petition for a writ of habeas corpus is "whether the state proceedings satisfied due process." *Jammal v. Van de Kamp*, 926 F.2d 918, 919-20 (9th Cir. 1991).

Federal courts may entertain a state prisoner's petition for habeas relief only on the grounds that the prisoner's confinement violates the Constitution, laws, or treaties of the United States. *Reed v. Farley*, 512 U.S. 339 (1994). General improprieties occurring in state proceedings are cognizable only if they resulted in fundamental unfairness and consequently violated the petitioner's Fourteenth Amendment right to due process. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions."); *Bonin*, 77 F.3d at 1158. The Supreme Court has held in the habeas context that "this Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson,* 501 U.S. 722, 729 (1991).

The provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) govern this case and pose special burdens. *Chein v. Shumsky,* 373 F.3d 978, 983 (9th Cir. 2004) (en banc). Under AEDPA, when reviewing a state criminal conviction, a federal court may grant a writ of habeas corpus only if a state court proceeding "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Under § 2254(d)(1), a state court decision is "contrary to" clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court cases or "if the state court confronts a set of facts that are materially indistinguishable from" a Supreme Court decision but "nevertheless arrives at a result different from" that precedent. *Williams v. Taylor,* 529 U.S. 362, 405-06 (2000). A state court decision is an unreasonable application of clearly established federal law if "the state court identifies the correct governing legal principle" from a Supreme Court decision "but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. In considering whether a state court has unreasonably applied Supreme Court precedent, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *Bell v. Cone,* 535 U.S. 685, 694 (2002). In conducting habeas review, we "presum[e] that state courts know and follow the law." *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002).

When applying the AEDPA and reviewing whether a state court decision is contrary to federal law, this court must look to the state's last reasoned decision as the basis for its judgment. *See Avila v. Galaza*, 297 F.3d 911, 918 & n. 6 (9th Cir. 2002).

**2. Analysis**

**a. Sufficient Evidence Claim**

In rejecting Petitioner's *Blakely* claim that the trial court failed to submit the aggravators to the jury, the Court of Appeals found that the trial court had sufficiently articulated Petitioner's prior DUI misdemeanor conviction as the basis for aggravating Petitioner's sentence, and that the judge was entitled to rely on the prior conviction without a jury finding. (Doc. No. 19, pg. 10-11.) Petitioner does not contend that the Court of Appeals' decision was contrary to, or involved an unreasonable application of, clearly

established Federal law.[8]  Instead, Petitioner argues that the Court of Appeals' decision was based on an unreasonable determination of the facts in light of the evidence presented, because the trial court did not possess any evidence from which it could conclude that Petitioner had a prior conviction.  However, as the Court of Appeals noted, "the judge directly addressed Defendant and pointed out the reasons for the aggravated sentence ... the record establishes that Defendant has a prior conviction for misdemeanor DUI." (*Id*. at pg. 11.)  The Court of Appeals further noted that records from the Tempe Municipal Court indicated Petitioner was represented by counsel at this proceeding.  (*Id*. at pg. 11, nt. 4.)  Moreover, at sentencing, Petitioner's mother testified that Petitioner "got his first DUI at the age of 19." (Answer, Exhibit G, pg. 12.)  The transcript also indicates that the prosecutor "marked up ... a certified minute entry" of Petitioner's prior DUI "for the court's consideration." (Answer, Ex. G, pg. 28-29.)  The Magistrate Judge notes that Petitioner did not make any objections at sentencing related to the frequent mention of his prior DUI conviction.  In addition, Petitioner has not argued in his state court proceedings or in his federal Petition that he does not actually have a prior DUI conviction.  Accordingly, the Court finds that the Court of Appeals' decision was not based on an unreasonable determination of the facts in light of the evidence presented, and Petitioner's claim is without merit.

### b.  Misdemeanor Claim

The Magistrate Judge further concludes that, even if Petitioner had exhausted his Misdemeanor Claim, that claim lacks merit.  There is no clearly established federal case law limiting *Blakely's* exception for utilizing prior convictions as sentencing enhancers only to prior felony convictions.  *See Benitez v. McDonald,* 2009 WL 1699669 *10 (C.D.Cal. June 16, 2009) (citing *Apprendi* and *Blakely* in support of conclusion that trial court did not violate

---

[8]It does not appear that such an argument would be warranted.  *See United States v. Rodriguez-Lara*, 421 F.3d 932, 950 (9th Cir. 2005) (abstract of judgment and charging document for the prior conviction are sufficient evidence for sentence enhancement by judge).

the Constitution in imposing the upper term sentence based on Petitioner's numerous prior misdemeanor convictions); *Jimenez v. Milyard*, 2006 WL 3833889, *8 (D.Colo. Dec. 28, 2006) (denying relief where Applicant failed to identify any decision of the U.S. Supreme Court which holds that the prior conviction exception of *Apprendi* is limited to felony convictions); *see also Boyd v. Newland*, 467 F.3d 1139, 1151-52 (9th Cir. 2006) (upholding California courts' use of Petitioner's juvenile adjudication as a sentencing enhancement because Supreme Court had not spoken directly on the issue and despite Ninth Circuit precedent holding such adjudications were not "convictions" falling within the *Apprendi* exception, because several other circuits had concluded that non-jury juvenile adjudications were permissible sentence enhancers).

## CONCLUSION

Based on the foregoing, the Magistrate Judge recommends that the District Court enter an order DENYING the Petition for Writ of Habeas Corpus.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days of being served with a copy of the Report and Recommendation.

If objections are not timely filed, they may be deemed waived. If objections are filed, the parties should use the following case number:  **CV 08-132-PHX-FJM.**

The Clerk is directed to mail a copy of the Report and Recommendation to Petitioner and counsel for Respondents.

DATED this 21st day of October, 2009.

Jennifer C. Guerin
United States Magistrate Judge