**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Matthew A. Koole, | No. CV-08-00132-PHX-FJM |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

The court has before it Matthew Koole's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 1), respondents' answer (doc. 10), and petitioner's reply (doc. 18). We also have before us the United States Magistrate Judge's report and recommendation (doc. 21) and petitioner's objections (doc. 24).

**I**

In 2004, petitioner was convicted of manslaughter and two counts of endangerment in the Superior Court of Arizona in Maricopa County after he drove through a stop sign under the influence of alcohol, hit two other cars, and killed one of the drivers. At his sentencing, his mother testified that "Matt got his first DUI at the age of 19," Answer, Ex. G at 11, and described his subsequent efforts to change his behavior. The state prosecutor also referred to petitioner's prior conviction, saying "he doesn't stand before the Court, at least with an average Manslaughter because he has a prior DUI, and I marked up, Judge, a certified minute entry document taken from the Court and I offer it for the Court's

1 consideration at this point." Id. at 28. The document in question is apparently not in the
2 record. The court sentenced petitioner to an aggravated term of 12.5 years on the
3 manslaughter count with the following explanation:

> "That other thing, sir, I sentenced a young man earlier this week to eight-and-a-half years for a very similar type of offense who shows remorse. I believe it is the mitigating factor. He did not have a history of DUI, although that's called that, comes in the catch-all phrase of the aggravated factors, I'm allowed to consider it. It's an important one."

Id. at 40.

On appeal, petitioner noted that there were issues with the preparation of the sentencing hearing record and that it was unclear from the record what the sentencing court found as aggravating factors. He contended that, in any case, Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004), necessitated re-sentencing before a jury. In Blakely, the United States Supreme Court clarified the application of Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), which held that, based on the Sixth Amendment right to a trial by jury, "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490, 120 S. Ct. at 2362-63. Noting several discrepancies between the sentencing hearing record and the corresponding minute entry, the Arizona Court of Appeals re-vested jurisdiction in the Superior Court to settle the record. The sentencing court resolved the discrepancies and acknowledged that it did not have any independent recollection of what aggravating factors were considered. In a supplemental memorandum on appeal, petitioner asserted that the record did not support the finding of any of the specific aggravating factors under former A.R.S. § 13-702(C)(1)-(17), and that use of the catch-all aggravating factor, former A.R.S. § 13-702(C)(18), was for a jury and not the court. See A.R.S. § 13-701(D)(1)-(24) (listing current specific and catch-all aggravating factors).

The Arizona Court of Appeals upheld petitioner's sentence, concluding that the sentencing court's above explanation substantially complied with its obligation to articulate any aggravating factors considered. The Arizona Court of Appeals noted that "the record

establishes that Defendant has a prior conviction for misdemeanor DUI," and that "As can be seen here, Defendant's history of DUI is specifically referenced in the sentencing transcript." Reply, Ex. A at 11-12. Apparently based on an independent review of records from the Tempe Municipal Court, the court also noted that petitioner was represented by counsel in connection with his prior DUI conviction. With respect to petitioner's Sixth Amendment claim, the court concluded that his sentence complied with Blakely because it was aggravated based on the fact of a prior conviction, which does not need to be presented to a jury and proved beyond a reasonable doubt.

In a petition for review to the Arizona Supreme Court, petitioner claimed that there was insufficient evidence of his prior conviction in the record. He also renewed his contention that use of the catch-all aggravating factor did not comply with Blakely. He pointed out that his prior conviction could not be considered under any of the specific aggravating factors because it was a misdemeanor and not a felony. The Arizona Supreme Court denied the petition.

Petitioner now contends that his sentence violates the Sixth and Fourteenth Amendments because the Blakely exception for prior convictions applies only to felonies and there was insufficient evidence to establish his prior misdemeanor conviction.

**II**

In order to prevail, a federal habeas petitioner in state custody must exhaust any available state remedies. 28 U.S.C. § 2254(b)(1). A petition may be denied on the merits, however, notwithstanding a failure to exhaust. Id. § 2254(b)(2). Absent cause and prejudice, a fundamental miscarriage of justice, or waiver, a federal habeas court will not review a claim barred by an independent and adequate state procedural rule. Robinson v. Schriro, 595 F.3d 1086, 1100 (9th Cir. 2010). Respondents concede that petitioner properly exhausted his claims by presenting them to the Arizona Court of Appeals and the Arizona Supreme Court. We disagree with respect to petitioner's first claim. Petitioner did not fairly present his claim that the Blakely exception for prior convictions is limited to felonies to any state court. Nevertheless, because petitioner's claim lacks merit and respondents do not raise a

procedural bar as an affirmative defense, <u>Morrison v. Mahoney</u>, 399 F.3d 1042, 1045-47 (9th Cir. 2005), we will proceed to the merits.

Petitioner correctly traces the origin of the prior conviction exception to <u>Alemendarez-Torres v. United States</u>, 523 U.S. 224, 118 S. Ct. 1219 (1998). Because <u>Alemendarez-Torres</u> involved a felony conviction, he contends that the exception should be limited to felonies. Respondents point out that, in a similar case, the Arizona Court of Appeals concluded that the exception is not limited to felonies and encompasses misdemeanor DUI convictions entered in compliance with the Sixth Amendment. <u>State v. Aleman</u>, 210 Ariz. 232, 241, 109 P.3d 571, 580 (Ct. App. 2005). Petitioner distinguishes <u>Aleman</u> on the grounds that the defendant admitted his prior DUI conviction at sentencing.

Because petitioner's first claim was not decided by a state court, we consider it <u>de novo</u>. See <u>Chaker v. Crogan</u>, 428 F.3d 1215, 1220-21 (9th Cir. 2005). As a general matter, the holding in <u>Alemendarez-Torres</u> is not limited to the facts of the case. <u>United States v. Pacheco-Zepeda</u>, 234 F.3d 411, 414-15 (9th Cir. 2000). In this circuit, the relevant inquiry is whether the prior conviction was obtained "through proceedings that included the right to a jury trial and proof beyond a reasonable doubt." <u>United States v. Tighe</u>, 266 F.3d 1187, 1194 (9th Cir. 2001). <u>But</u> <u>see</u> <u>Welch v. United States</u>, 604 F.3d 408, 426-29 (7th Cir. 2010) (agreeing with five other circuits that the right to a jury trial in the prior proceeding is not required). The inquiry does not turn on whether a crime is named a misdemeanor or a felony in a particular jurisdiction. At the time of petitioner's prior conviction, "a person charged with misdemeanor DUI in Arizona had the right to a jury trial, and the burden of proof was beyond a reasonable doubt." <u>Aleman</u>, 210 Ariz. at 241, 109 P.3d at 580. Thus, petitioner's misdemeanor conviction qualifies for the <u>Blakely</u> exception for prior convictions. We reject petitioner's claim that his sentence was unconstitutional because the prior conviction exception is limited to felonies.

Next, petitioner claims that there was insufficient evidence of his prior conviction. Relying on an Arizona Court of Appeals case, he contends that the applicable standard of proof for prior convictions at sentencing is "clear and convincing evidence" and the "proper

procedure for establishing a prior conviction is for the state to submit a certified copy of the conviction and establish that the defendant is the person to whom the document refers." State v. Cons, 208 Ariz. 409, 415, 94 P.3d 609, 615 (Ct. App. 2004) (citing State v. Hauss, 140 Ariz. 230, 681 P.2d 382 (1984) (permitting highly reliable non-documentary evidence of prior convictions under certain conditions)). According to petitioner, the evidence presented before the sentencing court did not meet the clear and convincing standard, and it was not a valid substitute for documentary evidence of his prior conviction.

Under the Antiterrorism and Effective Death Penalty Act of 1996, we review the last reasoned decision on this issue to see if it was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The Arizona Court of Appeals concluded that there was sufficient evidence in the record to support the sentencing court's use of petitioner's prior conviction. As a matter of United States Supreme Court precedent, prior convictions used as sentencing factors can be proved to the court by a preponderance of the evidence. See United States v. O'Brien, No. 08-1569, 2010 WL 2025204, at *5 (U.S. May 24, 2010) (citing McMillan v. Pennsylvania, 477 U.S. 79, 106 S. Ct. 2411 (1986)). Moreover, petitioner does not offer, and we are not aware of, any United States Supreme Court precedent requiring or prohibiting a certain kind of evidence to prove the fact of a prior conviction. Cf. United States v. Marin-Cuevas, 147 F.3d 889, 895 (9th Cir. 1998) (finding probation officer's attestation concerning prior convictions sufficient under federal sentencing guidelines where it was based on a reliable source and he had no reason to prevaricate). Given the testimony of petitioner's mother and the lack of any contrary evidence, we conclude that the Arizona Court of Appeals' decision was not contrary to clearly established federal law or based on an unreasonable determination of the facts in light of the evidence presented. Petitioner is not entitled to habeas relief on his insufficient evidence claim.

Petitioner also presents a third claim in his reply. He contends that the sentencing

court impermissibly focused on the circumstances of his manslaughter offense as a basis of comparison to his past history of DUI, rather than the mere fact of his prior conviction. He relies on decisions holding that such factual comparisons may exceed the prior conviction exception if the findings used to enhance a sentence do not follow necessarily from the fact of a prior conviction. Stokes v. Schriro, 465 F.3d 397, 403-04 (9th Cir. 2006); United States v. Kortgaard, 425 F.3d 602, 608-10 (9th Cir. 2005).

Because petitioner did not raise this claim in his petition, we will not consider it. See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994). We note, however, that it is meritless. The sentencing court compared petitioner's sentencing with that of another individual who committed "a very similar type of offense" but did not have "a history of DUI." Answer, Ex. G at 40. This comparison does not suggest that the sentencing court based its decision to aggravate petitioner's sentence on the circumstances of either his manslaughter offense or his prior DUI offense. Rather, as the Arizona Court of Appeals concluded, it indicates that the sentencing court based its decision on the fact of petitioner's prior conviction, which is permissible under the Blakely exception for prior convictions.

Finally, we determine whether to issue a certificate of appealability. Rule 11(a), Rules Governing § 2254 Cases. Because petitioner has not made a substantial showing of the denial of a constitutional right, we deny a certificate of appealability.

Accordingly, based on our independent review of petitioner's claims, **IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 1).

**IT IS FURTHER ORDERED DENYING** a certificate of appealability and leave to proceed in forma pauperis on appeal.

DATED this 1st day of July, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge